UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JOSEPH MADISON,                     )<br>                                                        )<br>            Petitioner,             )<br>                                                        )<br>v.                                                   )            No. 1:08-cv-739-DFH-JMS<br>                                                        )<br>WENDY KNIGHT, Superintendent,  )<br>                                                        )<br>            Respondent.              ) | |

### Entry Discussing Petition for Writ of Habeas Corpus

An Indiana prison rule provides that "any offender with a history of a sex offense conviction" must "participate in a mandatory program (as authorized by statute or by order of the Commissioner). . . ." Based on his history of convictions, Joseph Madison ("Madison") is an inmate subject to this rule. The evidence favorable to the finding of a prison disciplinary board in No. IYC 08-03-0108 shows that while confined at the Plainfield Correctional Facility, an Indiana prison, Madison refused an assignment that he participate in a mandatory SOCAP (Sex Offender Containment and Accountability Program) meeting. Madison was disciplined in consequence of that refusal. Contending that the proceeding is constitutionally infirm, he seeks a writ of habeas corpus with respect to that determination. Having examined the pleadings and the expanded record, the court finds that Madison has failed to show any infirmity in the proceeding and thus concludes that his petition for a writ of habeas corpus must be **denied.** This conclusion is based on the following facts and circumstances:

1.      The writ Madison seeks will issue if the court finds that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). This standard excludes claims based on asserted errors of state law, which cannot be raised in a habeas corpus proceeding. *See Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991); *Kurzawa v. Jordan,* 146 F.3d 435, 440 (7th Cir. 1998).

2.      Indiana state prisoners have a liberty interest in their good-time credits and therefore are entitled to due process before the state may revoke them. *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974); *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004). The right to due process in this setting is important and is well-defined. Due process requires the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *See Superintend., Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 564, 566, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

3. "The best way to conduct analysis under § 2254 is to assume that the state wants to act exactly as its officers . . . have done, and then ask whether the federal Constitution countermands that decision." *Hill v. Wilson,* 519 F.3d 366, 370 (7th Cir. 2008) (citing cases). Under *Wolff* and *Hill,* Madison received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Madison was given the opportunity to appear before the conduct board and make a statement concerning the charge, (2) the conduct board issued a sufficient statement of its findings, and (3) the conduct board issued a written reason for its decision and for the sanctions which were imposed.

4. Madison's arguments that he was denied the protections afforded by *Wolff* and *Hill* are either refuted by the expanded record or based on assertions which do not entitle him to relief.

- Madison first claims that, because he is legally blind, he had to rely on word of mouth as to what programs were mandatory. This argument holds no force whatsoever in light of the undisputed record showing that he *was* made aware of the mandatory SOCAP meeting by prison staff and yet refused to participate, explaining that his refusal was deliberate, knowing, informed, and based on his own rationale. Additionally, Madison had been charged with the same violation several weeks previously, and the proceedings associated with the earlier charge could have left him no doubt concerning the rule or the intention of prison authorities to enforce it.

- Madison next claims that he was convicted and sentenced four years before the implementation of IND. CODE § 35-50-6-5. This appears to be a claim that requiring him to participate in the SOCAP meeting violated the constitutional prohibition against *ex post facto* laws. This and other arguments were rejected in *Grennier v. Frank,* 453 F.3d 442, 444-45 (7th Cir. 2006).

- Madison claims that he should not have lost his visitation privileges. The expanded record shows this contention to be misplaced. Madison was not sanctioned in No. IYC 08-03-0108 with the loss or suspension of visitation. Even if that had occurred, however, such a measure does not result in the imposition of "custody" sufficient to support federal habeas corpus relief. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004)("State prisoners who want to challenge their convictions, their sentences, or administrative orders revoking good-time credits or equivalent sentence-shortening devices, must seek habeas corpus, because they contest the fact or duration of custody. State prisoners who want to raise a constitutional challenge to any other decision, such as transfer to a new prison, administrative segregation, exclusion from prison programs, or suspension of privileges, must instead employ [42 U.S.C.] § 1983 or another statute authorizing damages or injunctions . . . .")(internal citations omitted).

! Madison's final claim is that staff "continue to write reports of conduct for bias, prejudice reasons." He offers no facts supporting this claim, but the claim is in any event not one which will support the relief he seeks here. It is true that a prisoner is entitled to a neutral and detached decision-maker. *Redding v. Fairman,* 717 F.2d 1105, 1112-13 (7th Cir. 1983). The procedural protections of *Wolff* include that entitlement and would be hollow without it. However, a conduct board that follows established procedures, whose discretion is circumscribed by regulations, and which adheres to *Wolff's* procedural requirements, does not pose a hazard of arbitrariness violative of due process. *Wolff,* 418 U.S. at 571. Those procedures were followed in this case, and Madison offers nothing other than the outcome of the matter to support his claim of bias. The court declines the invitation to adopt this *post hoc* rationalization and bootstrapping. *See Brown v. Carpenter,* 889 F.Supp. 1028, 1034 (W.D.Tenn. 1995) ("Plaintiff has no right protecting him from being charged with a disciplinary offense . . . . A plaintiff cannot bootstrap a frivolous complaint with a conclusory allegation of retaliation."). The claim of bias is without factual basis and is rejected as a ground supporting the award of federal habeas corpus relief.

5. "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Madison to the relief he seeks. Accordingly, Madison's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

So ordered.

*[signature: David F. Hamilton]*

DAVID F. HAMILTON, Chief Judge
United States District Court

Date:   2/12/2009